**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALISA ROMAN<br>2525 N. Mascher Street<br>Philadelphia, PA 19133<br><br>Plaintiff,<br><br>v.<br><br>STARBUCKS CORPORATION<br>d/b/a STARBUCKS COFFEE COMPANY<br>2401 Utah Avenue South<br>Seattle, WA 98134<br><br>Defendant. | CIVIL ACTION<br><br>No.:___________________<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Ms. Alisa Roman ("Plaintiff" or "Ms. Roman") by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Ms. Roman has initiated this action to redress violations by the Starbucks Corporation d/b/a Starbucks Coffee Company ("Defendant") of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act ("PDA") ("Title VII" – 42 U.S.C. §§ 2000e et seq.), the Pregnant Workers Fairness Act ("PWFA" - Pub. L. No. 117-328, 136 Stat. 4459 (2022)), the Americans with Disabilities Act, as amended ("ADA" - 42 U.S.C. § 12101 et seq.), the Family and Medical Leave Act ("FMLA" - 29 U.S.C. § 2601 et seq.), and the Pennsylvania Human Relations Act ("PHRA") (43 P.S. §§ 951 et seq.).[1]

[1] Plaintiff intends to amend her instant Complaint to include claims arising under the PHRA on or about March 24, 2027, once her administrative remedies as to those claims are fully exhausted with the PHRC. Plaintiff's claims arising under the PHRA will mirror the instant Title VII/ADA claims.

2. Ms. Roman alleges, *inter alia*, that she was a model employee and promoted several times over her seven (7) years of employment. However, immediately after she disclosed her pregnancy, she was subjected to a clear pattern of harassment and blatant attempts to paper her file with unfounded discipline. When Ms. Roman would not quit, Defendant then terminated her employment under demonstrably pretextual circumstances.

3. As a direct consequence of Defendant's unlawful actions, Ms. Roman seeks damages as set forth herein.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. This Court has supplemental jurisdiction over Plaintiff's state law claims because such claims arise out of the same common nucleus of operative facts as her federal claims asserted herein.

5. This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

6. Pursuant to 28 U.S.C. § 1391(b)(1)-(2), venue is properly laid in this district because the events giving rise to this lawsuit occurred here and Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

7. Ms. Roman dual-filed a Charge of Discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC").

8. Ms. Roman has properly exhausted her administrative remedies before initiating this action by timely filing and dual-filing her Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving the EEOC's Right-to-Sue letter.

**PARTIES**

9. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. Ms. Roman is an adult individual, with an address as set forth in the caption.

11. Defendant is a Washington business entity with a principal place of business as set forth in the caption.

12. Defendant is a Fortune 500 company that owns and operates in excess of 10,000 coffee and retail stores throughout the United States.

13. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

**FACTUAL BACKGROUND**

14. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

15. On or about August 7, 2018, Defendant hired Ms. Roman as a Barista and employed her at Store 10406 (Neshaminy). In or about 2019, Defendant promoted Ms. Roman to a Shift Supervisor. Again, in or about August 2021, Defendant promoted Ms. Roman to Store Manager

and employed her in that capacity until unlawfully terminating her on or about December 29, 2025, as discussed herein.

16. Throughout her 7+ years of employment, Ms. Roman was a hard-working and dedicated employee with little or no history of discipline or performance concerns.

17. However, that all changed once Ms. Roman disclosed she was pregnant and undergoing diagnostic testing for cancer.

18. On or about June 23, 2025, Ms. Roman informed her direct supervisor, Defendant's District Manager David Singley ("Singley") that she was pregnant, her anticipated due date was February 6, 2026, and anticipated taking maternity leave around that time.

19. Singley immediately responded by asking Ms. Roman when her "last day" would be and asked her if she planned on "returning" after her maternity leave – clearly worried more about the operation of the store rather than Ms. Roman's well-being.

20. The following week, Singley informed Ms. Roman (for the first time) that her store was suddenly "underperforming" through no fault of her own.

21. Plaintiff suffered from pregnancy-related medical impairments which (at times) substantially limited one or more major life activities, including eating, drinking, and working.

22. Specifically, in or about August 2025, Ms. Roman was experiencing severe pregnancy-related symptoms such as severe nausea, frequent bouts of vomiting, and other complications. In addition, Ms. Roman was also undergoing diagnostic testing for cervical cancer after pre-cancerous cells were found.

23. Ms. Roman explicitly informed Singley regarding all of her ongoing health conditions, limitations, pregnancy conditions, and cancer testing (and kept him updated through the remainder of her employment as to her health conditions).

24. In response, Singley told Ms. Roman that she was being held to new and stricter performance standards and that she would be expected to work mandatory overtime.

25. Singley provided no additional support or accommodations to Ms. Roman and openly questioned if she could "handle being a mom and working at the same time."

26. Singley frequently referenced Ms. Roman's pregnancy, almost to the point of obsession, and repeatedly asked Ms. Roman if she planned to remain with the company or was going to resign, insinuating with less and less tact that she should resign because he felt she could not "be a mom" and work at the same time.

27. On or about August 14, 2025, Ms. Roman requested reasonable accommodations (minor dress code deviation and ability to return to work after vomiting) which were granted by Defendant.

28. In or about September 2025, realizing Ms. Roman was not going to resign, Singley began to engage in a campaign of harassment intended to force Ms. Roman to resign.

29. By way of brief example, Singley blatantly papered Ms. Roman's file with fictional "coachings," manufactured a baseless and unwarranted performance improvement plan ("PIP"), and concocted other feigned performance concerns.

30. To be clear, prior to disclosing her pregnancy and/or disability status, Ms. Roman had no disciplinary history.

31. Immediately after these disclosures, however, Ms. Roman was suddenly subjected to heightened scrutiny, repeated pregnancy-related comments, inconsistent and escalating performance standards, financial harm through bonus ineligibility, and ultimately termination timed to coincide with her maternity leave. Performance plans were inconsistently documented, frequently changed, and enforced more harshly than for non-pregnant peers.

32. Singley even intentionally delayed the start of Ms. Roman's bogus PIP until after October 1, 2025, to render Ms. Roman ineligible for any first-quarter bonus, which was well known to be the strongest bonus period of the year.

33. While Ms. Roman opposed this blatantly discriminatory treatment, she worked hard and demonstrated progress on the unwarranted PIP objectives, which Singley acknowledged.

34. However, Singley kept changing the goals/objectives or raising new alleged performance issues. Singley further failed to provide updates to the PIP and would raise ridiculous allegations against Ms. Roman that he did not raise against similarly situated employees.

35. Upon information and belief, Singley wanted to terminate Ms. Roman, but was told that he could not fire her yet because he had not documented any real performance concerns and Defendant was at risk of a legal claim.

36. On or about November 17, 2025, Singley told Ms. Roman that she had "passed" the PIP but was not progressing fast enough and now would need to be placed on a 60-day PIP, with an expected completion date of on or about January 27, 2026.

37. On or about November 18, 2025, Ms. Roman opened another accommodation request, requesting a reduced working schedule throughout the remainder of her pregnancy. Defendant refused to open this accommodation request and instead told Ms. Roman that she had to file a claim with a third party.

38. Further, Singley failed to hold repeated PIP meetings, developed completely subjective criteria, and totally mismanaged the 60-day PIP (because its only purpose was to justify Ms. Roman's pre-planned termination as opposed to actual performance improvement).

39. On or about December 29, 2025, barely halfway through the 60-day PIP, Singley terminated Ms. Roman's employment citing the above-mentioned bogus performance plans.

Further, Singley held Ms. Roman to a standard that did not apply to other Store Managers and justified the termination with factors that were completely outside of Ms. Roman's control.

40. Singley also indicated that Defendant wanted to terminate Ms. Roman the week prior, but that he did not want to terminate a pregnant employee before Christmas. Singley also stated that Ms. Roman would be eligible for rehire with Defendant.

**COUNT I**
**Violations of Title VII/PDA**
**([1] Pregnancy Discrimination; [2] Retaliation)**

41. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42. Plaintiff was protected from discrimination on the basis of pregnancy under Title VII, as amended by the PDA.

43. Plaintiff notified Defendant of her pregnancy and related conditions and complications.

44. Thereafter, Plaintiff was subjected to hostility, issued pretextual discipline and ultimately terminated.

45. Plaintiff's pregnancy was a motivating or determinative factor in Defendant's decision to terminate her employment.

46. Defendant's discipline and termination of Plaintiff's employment constitute violations of Title VII/PDA.

**COUNT II**
**Violations of the PWFA**
**([1] Interference; [2] Retaliation; [3] Discrimination; [4] Failure to Accommodate)**

47. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

48. Plaintiff was a qualified employee under the PWFA and had known limitations related to, affected by, or arising out of pregnancy, childbirth, or related medical conditions.

49. Plaintiff requested and/or utilized reasonable pregnancy-related accommodations.

50. Defendant failed and/or refused to reasonably accommodate Plaintiff's known pregnancy-related limitations, including without limitation, her November 18, 2025 request for a reduced working schedule, failed to meaningfully engage in the interactive process concerning that request, and thereafter subjected Plaintiff to continued adverse treatment and termination because of her pregnancy-related limitations and requests for accommodation.

51. Plaintiff believes and therefore avers that her rights under the PWFA were interfered with, and she was retaliated against for utilizing reasonable pregnancy-related accommodations when Defendant unlawfully terminated her employment.

52. Defendant's actions as aforesaid constitute violations of the PWFA.

**COUNT III**
**<u>Violations of the ADA</u>**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; and [3] Failure to Accommodate)**

53. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

54. Plaintiff suffers from qualifying health conditions under the ADA, which at times substantially limited one or more major life activities (as set forth *supra*).

55. Despite Plaintiff's aforementioned health conditions and limitations, she was still qualified and able to perform the essential functions of her position with Defendant.

56. Prior to her termination, Plaintiff disclosed her aforementioned disabilities/serious medical conditions to Defendant's management and requested accommodations shortly before Defendant pretextually terminated her employment.

57. Plaintiff therefore avers that her actual/perceived disabilities or record of impairment were a motivating/determinative factor in Defendant's decision to terminate her employment.

58. Plaintiff avers that Defendant failed to engage in a good faith interactive process, terminated her to avoid having to further reasonably accommodate her, and/or that she was terminated in retaliation for engaging in protected activity (requesting or utilizing accommodations) under the ADA.

59. Defendant's actions constitute violations of the ADA.

**COUNT IV**
**Violations of the Family and Medical Leave Act ("FMLA")**
**(Interference and Retaliation)**

60. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

61. Plaintiff was an eligible employee under the definitional terms of the FMLA.

62. Plaintiff had been employed by Defendant for at least twelve months and provided Defendant with appropriate notice of her need for protected leave.

63. During the twelve-month period immediately preceding the anticipated commencement of her FMLA leave, Plaintiff had worked at least 1,250 hours for Defendant.

64. At all relevant times, Defendant was a covered employer under the FMLA, having employed at least fifty employees for twenty or more workweeks during the current or preceding

calendar year. Plaintiff was employed at a worksite at which Defendant employed at least fifty (50) employees within seventy-five (75) miles.

65. Plaintiff was entitled to receive leave for a total of twelve (12) work weeks of leave on a block or intermittent basis.

66. Plaintiff notified Defendant of her intent to use FMLA protected leave for the birth and care of her child.

67. Defendant interfered with Plaintiff's exercise of her rights under the FMLA and retaliated against her for invoking those rights by terminating her employment after receiving notice of her anticipated need for FMLA-protected maternity leave, but before that leave could commence.

68. Defendant's termination prevented Plaintiff from exercising her right to protected leave and was motivated, in whole or in part, by her expressed intention to exercise those rights.

69. Defendant’s foregoing actions constitute violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant’s illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, overtime, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered unlawful employment practices, retaliation, and discrimination at the hands of Defendant until the date of verdict;

B. Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law(s) asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including compensatory damages and damages for emotional distress;

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

F. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: ______________________

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
(215) 639-0801
akarpf@karpf-law.com
*Attorneys for Plaintiff*

Dated:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Alisa Roman | : | CIVIL ACTION |
| v. | : | |
| Starbucks Corporation d/b/a Starbucks Coffee Company | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x )

| 11/9/2026 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Defendants place of business

***RELATED CASE IF ANY:*** Case Number:____________________ Judge:______________________________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:____________________

**B. *Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):________________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*____________________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[X] Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

[ ] None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

ROMAN, ALISA

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS

STARBUCKS CORPORATION D/B/A STARBUCKS COFFEE COMPANY

County of Residence of First Listed Defendant: Kings
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☒ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**:
ADA (42USC12101); FMLA (29USC2601); Title VII (42USC2000)

Brief description of cause:
Violations of the ADA, FMLA, Title VII/PDA, PWFA and the PHRA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE ____________ DOCKET NUMBER ____________

DATE: 11/9/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______